UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-55 |
| | ) | (Phillips) |
| MICHAEL RAY REYNOLDS | ) | |

## ORDER

This matter is before the court on defendant's motion to have his counsel present at defendant's psychosexual evaluation [Doc. 12]. In support of the motion, defendant states that he is not objecting to nor disputing the necessity of the psychosexual evaluation. Rather, defendant requests access to and the ability to exercise his right to counsel at any point during the psychosexual evaluation.

The government has responded in opposition to defendant's motion, stating that a psychosexual evaluation does not violate defendant's privilege against self-incrimination or right to counsel under the Fifth Amendment.

Dr. Michael Adler of Counseling and Consultation Services has been retained to perform the psychosexual evaluation on defendant. Dr. Adler has agreed to allow defense counsel to be present with defendant at the initial intake and to observe the plethysmograph assessment. Dr. Alder does not allow counsel to attend the clinical interview; however, he has agreed to videotape the interview and provide defense counsel

with a copy of the interview. Dr. Adler does not allow an attorney to be present with the client during the written test, family and polygraph, stating that he finds it interferes with the process, turning the evaluation into an adversarial process which impedes rehabilitation. Dr. Adler has also offered to meet with defense counsel at the conclusion of the assessment to go over the assessment data and report.

The psychosexual assessment cannot be used in this case to enhance defendant's sentence; therefore, the Fifth Amendment is not implicated. In fact, the purpose of the evaluation is to help the court determine what will rehabilitate the defendant, and Dr. Adler has provided reasons why defense counsel's participation in the evaluation will interfere with this goal. Moreover, Dr. Adler has offered defense counsel an opportunity to observe and review the assessment data and report. I find this is sufficient in light of the fact that the purpose of this evaluation is to begin to rehabilitate the defendant and not to punish him. Accordingly, defendant's motion to have his counsel present at defendant's psychosexual evaluation [Doc. 12] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

　　　　　　s/ Thomas W. Phillips　　　　
　　　　　United States District Judge