UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | 3:05-CR-55 |
| V. ) | JUDGE CRYTZER |
| ) | |
| ) | |
| MICHAEL RAY REYNOLDS, ) | |
| ) | |
| Defendant, ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the Defendant, Michael Ray Reynolds, and the Defendant admits that he has violated his conditions of supervised release. An agreement has been reached between the parties, recommending that the Defendant's supervised release should be revoked and that he should receive a sentence of 10 months, to be followed by supervised release for life.

The Defendant agrees to waive the right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, and to waive the right to allocution at a revocation hearing, and asks that the agreement of the Defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence.

This Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The Defendant's criminal history category is I. The advisory guideline range is 4 to 10 months for Grade B violations, and there is a statutory maximum of 2 years of imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

IT IS HEREBY ORDERED, therefore, that the Defendant's supervised release is hereby revoked. The Defendant is hereby sentenced to a term of imprisonment 10 months to be followed by supervised release for life.

Further, while on supervised release, the Defendant shall comply with the following mandatory conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The Defendant must not commit another federal, state, or local crime.

(2) The Defendant must not unlawfully possess a controlled substance.

(3) The Defendant must refrain from unlawful use of a controlled substance.

(4) The Defendant must cooperate in the collection of DNA as directed by the probation officer.

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the Defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83.10:

(1) The Defendant must report to the probation office in the federal judicial district where the Defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame. **Justification:** *This condition is an administrative requirement of supervision.*

(2) After initially reporting to the probation office, the Defendant will receive instructions from the Court or the probation officer about how and when the Defendant must report to the probation officer, and the Defendant must report to the probation officer as instructed. **Justification:** *This condition is an administrative requirement of supervision.*

(3) The Defendant must not knowingly leave the federal judicial district where the Defendant is authorized to reside without first getting permission from the Court or

the probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(4) The Defendant must answer truthfully the questions asked by the Defendant's probation officer. **Justification:** *This condition is an administrative requirement of supervision.*

(5) The Defendant must live in a place approved by the probation officer. If the Defendant plans to change where the Defendant lives or anything about the Defendant's living arrangements (such as the people the Defendant lives with), the Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will assist the probation officer in monitoring the Defendant for protection of the community.*

(6) The Defendant must allow the probation officer to visit the Defendant at any time at the Defendant's home or elsewhere, and the Defendant must permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that the probation officer observes in plain view. **Justification:** *This condition will assist the probation officer in monitoring the Defendant for protection of the community.*

(7) The Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full-time employment, the Defendant must try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about the Defendant's work (such as the Defendant's position or job responsibilities), the Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. **Justification:** *This condition will reduce the risk of recidivism and provide for Defendant rehabilitation.*

(8) The Defendant must not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(9) If the Defendant is arrested or questioned by a law enforcement officer, the Defendant must notify the probation officer within 72 hours. **Justification:** *This*

*condition will assist the probation officer in monitoring the Defendant for protection of the community.*

(10) The Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **Justification:** *This condition will provide for public and officer safety.*

(11) The Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(12) If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant must comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk. **Justification:** *This condition is aimed at reducing the risk of recidivism and providing for public safety.*

(13) The Defendant must follow the instructions of the probation officer related to the conditions of supervision. **Justification:** *This condition is an administrative requirement of supervision.*

While on supervised release, the Defendant shall also abide by the following special conditions:

1. The Defendant shall participate in a program of sex offender mental health treatment at his own expense, as approved by the probation officer, until such time as he is discharged from treatment by the provider and as approved by the probation officer. The Defendant shall comply with the policies and procedures of the treatment program. The Defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. (Any reference to the Defendant paying for counseling, treatment, and/or assessments is an indication that the United States Probation Office will conduct a routine financial assessment of the Defendant's ability to pay.)

2. The Defendant shall have no direct or third party contact, by any means available to him/her, with any victim(s) of a sex offense committed by the Defendant.

3. Other than incidental contact, which is defined as contact occurring merely by chance or without intention or calculation, the Defendant shall not associate and/or be alone with children under 18 years of age, nor shall he be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. If the Defendant has any contact with any such minor not otherwise addressed in this condition,

4

the Defendant shall immediately leave the situation and notify the probation officer. This provision shall not apply to contact with the Defendant's own minor children unless the court expressly so finds.

4. The Defendant shall not visit, frequent, or linger about any place that is primarily associated with children under the age of 18 or at which children under the age of 18 normally congregate without the prior written approval of the probation officer.

5. The Defendant shall not associate with anyone, under any circumstance, that he knows to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (e.g., NAMBLA, BOYCHAT, Boylover Message Board), except while participating in sex offender mental health treatment or for employment purposes as approved by the probation officer.

6. The Defendant shall not possess or view any pornography, whether adult or child. The Defendant shall not possess or view any printed photographs, paintings, recorded material, or electronically produced material **including digitally animated cartoon depictions** designed to produce arousal of sexual interest in children under 18 years of age. Nor shall he visit, frequent, or linger about any place where material designed to produce arousal of sexual interest in children is available to him.

7. The Defendant shall notify the probation officer of any/all location(s) where he receives mail. The Defendant shall not obtain a new mailing address, post office box, or use the facility of any business for the delivery and receipt of mail or any other correspondence without approval of the probation officer.

8. The Defendant shall submit to polygraph testing at his own expense, as directed by the probation officer, in order to determine if he is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The Defendant shall be truthful during polygraph evaluations.

9. All residences and employment shall be approved in advance by the probation officer. The Defendant shall not participate in any volunteer activities requiring unsupervised contact with children under the age of 18, without approval of the probation officer. The Defendant shall not engage in an activity that involves being in a position of trust or authority over any child or children under the age of 18.

10. The Defendant shall submit his person, residence, vehicle, or any area over which he exercises control to a search conducted by a probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the Defendant, at any time without prior notice or search warrant, in order to determine if the Defendant is in compliance with the conditions of supervision. The Defendant shall warn anyone with whom he resides that the premises may be subject to searches pursuant to this condition.

11. The Defendant shall not possess or use a computer or any other electronic device with access to the Internet or any other on-line computer service at any location (including employment), without the approval of the probation officer.

12. The Defendant shall not possess or use any data encryption, data elimination, or access-protection technique, device, or program designed to conceal, eliminate, or corrupt material that is illegal, designed to produce a sexual interest in children under 18 years of age, or prohibited by the probation officer.

13. The Defendant shall participate in a program of testing and/or treatment for drugs and/or alcohol, as directed by the probation officer, until such time as you are released from the program by the probation officer.

14. The Defendant shall submit his person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1) or other electronic communications or data storage devices or media], or office to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. He shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that he has violated a condition of supervision, and the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

15. The Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he has been released from the program by the probation officer. He shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

16. The Defendant shall take all medication prescribed by the treatment program as directed. If deemed appropriate by the treatment provider or the probation officer, the defendant shall submit to quarterly blood tests to determine whether he has taken the medication as prescribed.

17. The Defendant shall not possess, purchase or consume any alcoholic beverages of any kind.

IT IS HEREBY RECOMMENDED that Defendant, Michael Ray Reynolds, be placed in the closest suitable federal facility to Knoxville, Tennessee.

ENTERED ON THIS 3rd of June, 2021

*signature*
The Honorable Katherine A. Crytzer
United States District Judge

APPROVED FOR ENTRY:

*Jennifer Kolman by S.F. w/ permission*
Jennifer Kolman
Assistant ~~United~~ States Attorney

*signature*
Stephen Ferrell
Attorney for Defendant

*Michael Ray Reynolds by S.F. w/ permission*
Michael Ray Reynolds
Defendant

*signature*
Rhonda Monger
U.S. Probation Officer